**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE YACHT CLUB CONDOMINIUM OWNERS' ASSOCIATION, INC., )<br>     Plaintiff, )<br> )<br>v. )<br> )   CIVIL ACTION 1:23-00163-KD-C<br> )<br>LEXINGTON INSURANCE COMPANY, )<br>     Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Lexington Insurance Company's Motion for Leave to file a First Amended Answer and Affirmative Defenses (Doc. 21) with proposed First Amended Answer and Affirmative Defenses (Doc. 21-1); and the parties' Joint Stipulation agreeing to the proposed amendments (Doc. 24).

At this stage in the litigation, the ability to amend under Federal Rule of Civil Procedure 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for the Defendant's amendments. Absent Plaintiffs' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

At noted *supra*, in addition to the motion to amend, the parties subsequently jointly stipulated, in writing, to the Defendant's proposed amendments. (Doc. 24). Moreover, the Defendant timely moved to amend, in accordance the Rule 16(b) Scheduling Order's amendments deadline (January 19, 2024). (Doc. 15). Further, upon consideration of the relevant factors, there is no indication in the record of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, and/or futility.

The Court is instructed to "freely give leave" to amend "when justice so requires" and when there is not "a substantial reason" to deny same. Upon consideration, and per the parties' joint stipulation (Doc. 24), it is **ORDERED** that Defendant Lexington Insurance Company's Motion for Leave to file a First Amended Answer and Affirmative Defenses (Doc. 21) is **GRANTED.**

**DONE** and **ORDERED** this the **2nd** day of **February 2024**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**